UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDREW DUFRENE, JR. A/K/A ANDRE DUFRENE, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-7856 |
| HANOVER INSURANCE COMPANY, ET AL. | * | SECTION "L"(1) |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 15).  For the following reasons, the Plaintiffs' motion is now GRANTED.

This case arises out of damage caused by Hurricane Katrina to Plaintiffs' property in Jefferson Parish.  The property was insured by Hanover Insurance Company.  The Plaintiffs hired Carr & Associates, Inc., a Louisiana public adjuster, to assist in negotiating a settlement with Hanover.  The Plaintiffs allege that both Hanover and Carr negligently delayed settlement of the claim, prompting plaintiffs to file suit against both parties in state court.  On October 11, 2006, Hanover removed the case to this court, contending that Carr had been fraudulently misjoined in an effort to defeat federal diversity jurisdiction.  On October 3, 2007, the Plaintiffs filed the instant motion to remand, arguing that this Court lacks subject matter jurisdiction.

It is well established that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921).  But as the United States Court of Appeals

1

for the Eleventh Circuit held in *Tapscott v. MS Dealer Service Corp,* "mere misjoinder" of a defendant is not fraudulent joinder, unless the attempt to join the parties is "egregious." 77 F.3d 1353, 1360 (11th Cir. 1996).

Although the Plaintiffs may have distinct claims against both Defendants based on different legal theories, the claims are not unrelated. Indeed, each claim arises from the same set of facts and will involve similar evidence at trial regarding whether and/or why the settlement was delayed. Therefore, the Court finds that the Defendants have not been egregiously misjoined, and that federal diversity jurisdiction does not exist in this case. Thus, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 20th day of November, 2007.

                                                                                          _____
                                                                                          UNITED STATES DISTRICT JUDGE